ROBERT AHDOOT (CSB# 172098)
rahdoot@ahdootwolfson.com
TINA WOLFSON (CSB# 174806)
twolfson@ahdootwolfson.com
BRADLEY K. KING (CSB# 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 LINDBROOK DRIVE
LOS ANGELES, CALIFORNIA 90024
Telephone: (310) 474-9111

RACHEL KAUFMAN (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN, P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIA CALHOUN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FLRISH, INC., a California corporation,<br><br>*Defendant.* | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**CLASS ACTION COMPLAINT**

Plaintiff Gia Calhoun ("Plaintiff" or "Calhoun") brings this Class Action Complaint and Demand for Jury Trial against Defendant Flrish, Inc. d/b/a Harborside ("Harborside" or "Defendant") to stop Harborside from violating the Telephone Consumer Protection Act by sending unsolicited autodialed text messages to consumers, including to consumers whose phone

numbers were registered on the National Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Harborside's conduct. Plaintiff, for this Complaint, allege as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Calhoun is a Ventura County resident.

2. Defendant Harborside is a California company headquartered in Oakland, California. Defendant conducts business throughout California, including in this District.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in and directed its TCPA violative text messages to Plaintiff from this District.

**PLAINTIFF'S ALLEGATIONS**

5. Harborside is a cannabis company with retail stores in Desert Hot Springs, San Jose, and Oakland.

6. Harborside markets its cannabis products using unsolicited, autodialed text messages.

7. On January 10, 2006, Plaintiff's cell phone number was registered on the national Do Not Call registry to prevent unsolicited telemarketing calls and text messages.

8. Plaintiff's cellular phone number is for personal use, and is not associated with a business.

9.  On December 12, 2019 at 6:20 pm, Plaintiff received an unsolicited, text message to her cell phone number from Harborside using phone number 231-354-2846:



10.  On December 14, 2019, Plaintiff received a second unsolicited, text message to her cell phone number from Harborside using phone number 231-354-2846:



3
CLASS ACTION COMPLAINT

11. Plaintiff has never provided her consent to Harborside to send her text messages using an automatic telephone dialing system or to contact her notwithstanding the registration of her cellular phone number on the national Do Not Call registry.

12. Harborside's unsolicited texts were a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

13. In sending the unsolicited text messages at issue, Harborside, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator, or to dial telephone numbers from preloaded lists. This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, that the text messages were unsolicited, that they were sent from a landline, which is consistent with the use of an automatic telephone dialing system to send text messages, and that a recipient can trigger an automatic response by replying "STOP."

14. On information and belief, Harborside, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers. This is evident from the text messages' commercial and generic content, that the text messages were unsolicited, and that they were using an automatic telephone dialing system.

15. To the extent the text messages were sent on Harborside's behalf to consumers, Harborside provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

16. Accordingly, Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

**ATDS Class**: All persons who, on or after four years prior to the filing of the initial complaint in this action through the date of class certification, (1) were sent a text message to their cellular telephone number by or on behalf of Harborside, (2) using a dialing system substantially similar dialing system as used to text message Harborside, (3) for a substantially similar reason as Harborside texted Plaintiff.

**DNC Class**: All persons who, on or after four years prior to the filing of the initial complaint in this action through the date of class certification, (1) were sent more than one text message to their residential telephone number by or on behalf of Harborside, (2) in any twelve month period during which their telephone number had been registered on the National Do Not Call Registry for more than 30 days, (3) for a substantially similar reason as Harborside texted Plaintiff.

17. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

18. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Class definitions. Class membership can be easily determined from Defendant's records.

19. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Classes. Plaintiff and the Classes sustained the same damages as a result of Defendant's uniform wrongful conduct.

20. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes

include, but are not necessarily limited to the following:

    a) How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Classes;

    b) Whether the text messages were sent using an automatic telephone dialing system;

    c) Whether multiple text messages were sent to consumers whose telephone numbers were registered on the National Do Not Call Registry;

    d) Whether Defendant's text messages were sent for the purpose of marketing Defendant's products;

    e) Whether Defendant sent some or all of the text messages without the consent of Plaintiff and the Classes; and

    f) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Classes are entitled to treble damages.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

22. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

23. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the ATDS Class)**

24. Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 of this complaint and incorporates them by reference.

25. Defendant and/or its agents transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the ATDS Class using an automatic telephone dialing system.

26. These solicitation text messages were sent without the consent of Plaintiff and the other members of the ATDS Class.

27. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result, under 47 U.S.C. §§ 227(b)(3)(B)-(C), Plaintiff and members of the ATDS Class are entitled to a minimum of $500 and a maximum $1,500 in damages for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the DNC Class)**

28. Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 of this complaint and incorporates them by reference.

29. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

30. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

31. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

32. As a result of Defendant's conduct, Plaintiff and other members of the DNC Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Calhoun, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and her counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems necessary.

# JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**GIA CALHOUN,** individually and on behalf of those similarly situated individuals

Dated: December 17, 2019

*/s/ Rachel Kaufman*
Rachel Kaufman
*rachel@kaufmanpa.com*
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Dated: December 17, 2019

*/s/ Robert Ahdoot*
Robert Ahdoot
*rahdoot@ahdootwolfson.com*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Bradley K. King
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111

*Attorneys for Plaintiff and the putative Classes*