UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIA CALHOUN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FLRISH, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-08212-JCS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO STRIKE AND MOTION FOR ENTRY OF DEFAULT**<br><br>Re: Dkt. Nos. 36, 37 |

Plaintiff Gia Calhoun filed this action under the Telephone Consumer Protection Act naming "Flrish, Inc." as Defendant. *See generally* Compl. (dkt. 1). The introductory paragraph of Calhoun's complaint identifies the defendant as "Flrish, Inc. d/b/a Harborside." *Id.* at 1. Summons was issued to "FLRISH, INC. c/o JOHN HANKS NICHOLS," and executed on January 6, 2020. *See* dkt. 12. Defense counsel Raymond Kim of the Reed Smith firm thereafter entered an appearance on behalf of "FLRISH, Inc. dba Harborside, Inc." Dkt. 16. A separate attorney from the same firm, Sevana Zadourian—who has not yet entered her own appearance—filed a form consenting to magistrate judge jurisdiction on behalf of "FLRish, Inc. dba Haborside." Dkt. 18. On March 18, 2020, after the parties stipulated to an extension of time to respond, Zadourian filed an answer on behalf of "Defendant FLRish Retail Management & Security Services, LLC ('FLRish') (erroneously sued as 'Flrish, Inc.')." *See* Answer (dkt. 31) at 1. On April 6, 2020, Zadourian—on behalf of the same LLC entity—filed a motion to stay proceedings pending resolution of cases currently before the Supreme Court of the United States. *See* Mot. to Stay (dkt. 33). On April 8, 2020, Plaintiff Calhoun filed a motion to strike the answer on the basis that FLRish Retail Management & Security Services, LLC is not a party to the case, and a motion to enter FLRish, Inc.'s default.

The Court expects that the parties can resolve this threshold issue of which entity is the

defendant without motion practice. Calhoun's motion to strike and motion for entry of default are DENIED without prejudice. Counsel for the parties are ORDERED to meet and confer via videoconference no later than April 16, 2020, and Zadourian must file her notice of appearance pursuant to Civil Local Rule 5-1(c)(2) by the same date.

No later than April 23, 2020, the parties are ORDERED to file any one of the following: (1) a stipulation that Calhoun's complaint may be deemed to name FLRish Retail Management & Security Services, LLC as the defendant, and the answer can stand as filed; (2) a stipulation that the answer (and all other defense filings) may be deemed filed on behalf of FLRish, Inc.; (3) a new answer on behalf of FLRish, Inc. and a stipulation that the Court may disregard the answer filed on behalf of the LLC; (4) any other stipulation the parties might reach to resolve the issue; or (5) a joint letter brief of no more than three single-spaced pages explaining why the parties have not resolved the issue and each party's proposed resolution.

Unless the parties stipulate otherwise, Calhoun shall respond in due course to the pending motion to stay proceedings as if it were filed by the correct defendant.

**IT IS SO ORDERED.**

Dated: April 9, 2020

JOSEPH C. SPERO
Chief Magistrate Judge