UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIA CALHOUN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLRISH, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-08212-JCS<br><br>**ORDER TO SHOW CAUSE WHY ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL SHOULD NOT BE DENIED**<br><br>Re: Dkt. Nos. 100, 106 |

Plaintiff Gia Calhoun moves to file one paragraph of her amended complaint under seal, based on a confidentiality designation by non-party Springbig, Inc. The same proposed redaction is at issue in two separate administrative motions to file under seal (dkts. 100, 106), one pertaining to Calhoun's since-granted motion for leave to amend, and the other pertaining to the amended complaint she filed as a separate docket entry after the Court granted her motion.

Springbig filed a declaration by its Chief Financial Officer Paul Sykes in response to Calhoun's first administrative motion, which offers the following justification for sealing:

> 4. Paragraph 27 of the First Amended Class Action Complaint contains a gratuitous allegation taken from Springbig's 30(b)(6) deposition testimony, which Springbig (a non-party) has designated "Confidential." While Springbig maintains that Plaintiff has taken testimony out of context and, effectively, misquoted Springbig's testimony, it is clear that the information Plaintiff discusses came from Springbig's confidential deposition testimony concerning its trade secret and confidential software and methodology. I understand that Plaintiff sought to utilize this information previously, and it was sealed in a joint discovery letter pursuant to my declaration. [See Dkt. 81-83, 90.]
>
> 5. Springbig competes as a service provider in what is a highly competitive marketplace for loyalty software services, and maintains the inner-workings of its software and its methodologies in strict confidentiality. The public disclosure of this information would cause harm to Springbig and it would allow Springbig's existing or potential competitors to view, understand (and potentially emulate) Springbig's methodology and processes.

Sykes Decl. (dkt. 103) ¶¶ 4–5 (brackets in original).  The deadline for responding to the second administrative motion has not yet expired.

A party seeking to overcome the presumption of public access to documents filed in judicial proceedings generally must establish "compelling reasons" to file documents under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  A lower standard of "good cause" applies to documents submitted in connection with motions that are no "more than tangentially related to the merits of a case," including discovery motions.  *Id.* at 1101.  the fact that the Court previously sealed similar information in connection with a discovery dispute does not indicate that Springbig presented the "compelling reasons" necessary for sealing a portion of a complaint.  The previous sealing motion also dealt with more specific information than is at issue here.

Sykes's current declaration does not meet the "compelling reasons" standard.  For one thing, it is not clear that Springbig considers any portion of the paragraph at issue to be accurate.  If it is not accurate, it cannot disclose Springbig's trade secrets.  The paragraph at issue also consists of only two sentences describing Springbig's alleged methods at a very high level.  Springbig has not addressed whether the methods described in this paragraph—to the extent it actually uses them—are common in the industry or unique to Springbig, such that using these methods provides Springbig an edge over its competition that it would lose if others knew of them.  Springbig must also address whether it takes steps to keep the particular information included in the amended complaint confidential in the course of its business.

Springbig is therefore ORDERED to show cause why these two administrative motions to file under seal should not be denied, by filing a more detailed declaration no later than September 13, 2021 addressing these concerns as to both the basic method described in the first sentence of paragraph 27 and the somewhat more specific process described in the second sentence of that paragraph.

**IT IS SO ORDERED.**

Dated: September 7, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge